IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID L. COOKE,

    Plaintiff,

v.

REGINA 'DOE'; ZIG 'DOE'; 'JANE DOE2'; 'JOHN DOE2',

    Defendants.

Civ. No. 6:17-cv-825-TC

OPINION AND ORDER

**MCSHANE, Judge**:

On May 25, 2017 pro se plaintiff, David Cooke, filed this action "to investigate, address, resolve, & remedy the theft, remote control, and/or unlawful detention or disappearance of plaintiff's personal property during the interval from 10/10/2010 to the present." Amended Complaint (#4) at p. 5. On June 1, 2017, the court denied plaintiff's application for in forma pauperis (IFP) status and ordered plaintiff to pay the filing fee. In addition, the court dismissed the complaint for failure to allege subject matter jurisdiction and to comply with Fed. R. Civ. P. 8. The court advised plaintiff that a failure to pay the filing fee and/or file an amended complaint as ordered would result in the dismissal of this action.

On June 6, 2017, plaintiff filed a second application for IFP status. Although it appears plaintiff can afford the costs of litigation, out of an abundance of caution, the application is granted and the case may proceed without payment of the filing fee.

On June 6, 2017, plaintiff filed a second amended complaint. On June 8, 2017, plaintiff filed a third amended complaint. The amendments do not cure the deficiencies noted in the court's June 1,

1 – OPINION AND ORDER

2017 order. The third amended complaint fails to specifically identify any defendant, or link any damage suffered by plaintiff to any alleged acts taken ostensibly pursuant to any statute, ordinance, regulation, custom, or usage, of any State or Territory. At best, plaintiff offers mere conclusions that: unidentified defendant John Doe2 had "the authority of ... a current and/or retired police chief, as well as ... the local fire marshal [and] claiming to have the authority of the office of the President of the United States of America"; defendants "acted under color of criminal court"; and the defendants' activities "comprises clearly established customs and policies, and procedures of Defendants under color of law." Third Amended Complaint (#9) at pp. 1, 3. There are no allegations connecting any governmental authority bestowed upon defendants to the alleged deprivations suffered by plaintiff. Moreover, plaintiff still fails to allege facts demonstrating violation of a federal or constitutional right. Accordingly, plaintiff fails to cure the deficiencies in the complaint as ordered by the court. Moreover, because the defendants cannot be identified, it is clear that further amendment cannot cure the deficiencies.

Because plaintiff's third amended complaint fails to sufficiently allege subject matter jurisdiction and plausibly allege entitlement to relief, this action is dismissed.

## CONCLUSION

This action is dismissed.

IT IS SO ORDERED.

DATED this 9 day of June 2017.

_____
**Michael J. McShane**
**United States District Judge**